UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER N. YHAP,

Plaintiff,

– against –

NEW YORK PRESBYTERIAN HOSPITAL,

Defendants.

**OPINION AND ORDER**
24 Civ. 10058 (ER)

Ramos, D.J.:

Christopher Yhap, proceeding *pro se* and *in forma pauperis*, brought this action against New York Presbyterian Hospital on December 24, 2024.  Doc. 1.  On January 23, 2025, the Court referred the case to mediation and directed the Clerk of Court to attempt to locate *pro bono* counsel for the limited purpose of representing Yhap during mediation.  Doc. 8.  The Mediator to the Clerk advised the Court on October 7, 2025, that Yhap and New York Presbyterian Hospital had settled this case.  Doc. 19.  On October 8, 2025, this Court issued a thirty-day order, effectively terminating this matter.  Doc. 20.  On October 28, 2025, Yhap wrote this Court requesting renewed mediation and the appointment of new mediation counsel.  Doc. 21.  Yhap filed a motion to reopen the case on November 5, 2025.  Doc. 26.  On December 5, 2025, New York Presbyterian Hospital filed a motion to enforce the settlement.  Doc. 27.  On December 11, 2025, Yhap filed an application requesting that *pro bono* counsel represent him in this action. Doc. 30.

Courts do not have the power to obligate attorneys to represent *pro se* litigants in civil cases.  *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa,* 490 U.S. 296, 310 (1989).  Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, order that the *Pro Se* Office

request that an attorney represent an indigent litigant by placing the matter on a list that is circulated to attorneys who are members of the Court's *Pro Bono* Panel. *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The standards governing the appointment of counsel in *pro se* cases were set forth by the Second Circuit in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986). The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case and the plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (citing factors set forth in *Hodge*, 802 F.2d at 60–62). Of these, the Court must "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and, if this threshold requirement is met, then the Court must consider additional factors, including the *pro se* litigant's "ability to handle the case without assistance," *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392.

At this stage in the proceedings, the Court is unable to conclude that Yhap's claims are likely to have merit, although naturally that may change as the litigation progresses. Accordingly, Yhap's application for the appointment of *pro bono* counsel is DENIED without prejudice to possible renewal at a later stage in the case.

It is SO ORDERED.

Dated:    December 15, 2025
          New York, New York

_____
          Edgardo Ramos, U.S.D.J

2